**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

LORENZO MAURICE VENSON,

        Movant

v.                                                  CRIMINAL ACTION NO. 2:01-cr-00261-6
                                                   CIVIL ACTION NO. 2:05-cv-00454

UNITED STATES OF AMERICA,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Movant's Motion to Alter or Amend the Memorandum Opinion and Order and the Judgment Order entered on February 12, 2007 [Docket 812], which had denied Movant's Motion to Vacate, Set Aside, or Correct Sentence [Docket 713]. For the reasons discussed below, this Motion is **GRANTED**.

Movant alleges that he asked his court-appointed counsel, Herbert L. Hively, to file a petition for a writ of certiorari to the United States Supreme Court, in part based on its ruling in *Blakely v. Washington*, 542 U.S. 296 (2004), and that Mr. Hively assured Movant that he would prepare and file the petition. (Mem. in Supp. of Mot. to Vacate, Set Aside, or Correct Sentence at 11 [Docket 714].) Movant contends that he relied upon Mr. Hively's assurances, and would have otherwise filed the petition himself. (*Id.* at 27.) Movant's counsel never filed a petition for a writ of certiorari, and the deadline for doing so expired. The government has since stated that it "will not object to

Defendant's sentence being vacated to allow for re-sentencing pursuant to *United States v. Booker*." (Resp. to Mot. to Vacate Sentence at 1 [Docket 793].)

In its February 12, 2007 Order, this court rejected Movant's argument, based on *Booker*, that he was entitled to a post-*Blakely* appeal, finding that Mr. Hively's "failure to pursue discretionary review was not a violation of Mr. Venson's constitutional rights and therefore cannot give rise to an ineffective assistance of counsel claim." (Mem. Op. & Order at 7.) Mr. Venson now contends that his "ground of relief was not based on a claim of ineffective assistance of counsel" but instead was based on his "due process right to a fair and accurate sentence." (Mot. to Alter or Amend at 2 (quoting Mem. in Supp. of Mot. to Vacate, Set Aside, or Correct Sentence at 26).)

Since this court issued its February 12, 2007 Order, the Fourth Circuit Court of Appeals decided *United States v. Smith*, 321 Fed. Appx. 229 (4th Cir. 2008). In that case, the Fourth Circuit found that the defendant's counsel's failure to file a petition for a writ of certiorari, after being asked to do so by the defendant, violated the defendant's rights under the court's Criminal Justice Act Plan ("CJA Plan"). The court thus liberally construed the defendant's *pro se* § 2255 motion as a motion to recall the court's mandate, and vacated the district court's opinion dismissing the defendant's motion. In *Smith*, the United States Supreme Court granted certiorari, vacated the judgment, and remanded the case to the Fourth Circuit Court of Appeals for further consideration in light of *United States v. Booker*. *Smith v. United States*, 129 S. Ct. 2763 (2009).

Although Movant focuses on his due process rights in the instant Motion, this court liberally construes his filing as a request for relief on any applicable grounds. (*See, e.g.,* Obj. to Proposed Findings and Recommendation at 1 [Docket 803] (requesting a *de novo* review of all § 2255 claims

if the court declines to adopt the Proposed Findings and Recommendations of the Magistrate Judge); Mot. To Alter or Amend at 4 (repeating this request).)

This court **FINDS** that Movant was denied his CJA Plan right to counsel's assistance in filing a petition for a writ of certiorari when Mr. Hively failed to file such a petition, after allegedly assuring Movant he would do so. The instant case resembles *United States v. Smith*, and similar relief is warranted here. The government agrees that Movant's sentence should be vacated for re-sentencing pursuant to *Booker*. Accordingly, this court, pursuant to Rule 59(e), **GRANTS** the petitioner's Motion to Amend the February 12, 2007 Orders [Docket 812], and now **GRANTS** the petitioner's § 2255 Motion to Vacate the Sentence [Docket 713]. This court **ORDERS** re-sentencing pursuant to *Blakely* and *Booker* be conducted.

The court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:         September 10, 2009

*Joseph R. Goodwin*
Joseph R. Goodwin, Chief Judge